IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

P&E TECHNOLOGIES, INC.

 Plaintiff,

vs.

8 LINE SUPPLY, LLC, JESSE R. NELSON, ERIN M. NELSON, DUSTIN AUDE, VIDEO DOCTORS, INC., and HARRY J. REETZ,

 Defendants,

and

ACUITY, A Mutual Insurance Company,

 Intervenor-Defendant.

Case Number: 11-C-00725

**ORDER GRANTING STIPULATED PERMANENT INJUNCTION**

 Pursuant to a Settlement Agreement between Plaintiff P&E Technologies, Inc. ("P&E" or "Plaintiff") and Defendants 8 Line Supply, LLC, Jesse R. Nelson, Erin Mr. Nelson, and Dustin Aude (collectively the "8 LINE Parties"), the 8 LINE Parties have stipulated to the following PERMANENT INJUNCTION, and request that the Court approve of and enter same into the record.

 After considering the parties' proposal, the Court finds that the STIPULATED PERMANENT INJUNCTION should be entered.

 WHEREFORE, IT IS HEREBY ORDERED that the 8 LINE Parties and their employees, agents, and all persons or entities working for them or at their discretion, are permanently enjoined from:

  a) Manufacturing, distributing, offering for sale, selling, and/or publicly operating, displaying, and using any unauthorized products

that incorporate Plaintiff's PLATINUM TOUCH, PLATINUM TOUCH II, or GIGA TOUCH software programs;

b) Altering Plaintiff's PLATINUM TOUCH, PLATINUM TOUCH II, or GIGA TOUCH software programs, and from otherwise violating the integrity of Plaintiff's copyright management information;

c) Using in any manner Plaintiff's PLATINUM TOUCH, PLATINUM TOUCH II, or GIGA TOUCH trademarks, alone or in combination with any word or words which so resemble said trademark as to be likely to cause confusion, deception, or mistake on or in connection with the advertising, offering for sale, sale, public operation, public display, or public use of any product not authorized by Plaintiff to be sold, operated, displayed, or used in connection with Plaintiff's marks;

d) Passing off, inducing, or enabling others to sell or pass off, as products or services produced by or associated with Plaintiff, any product or services not produced by Plaintiff, or not produced under the control and supervision of Plaintiff and approved by Plaintiff for sale, public operation, public use, or public display under Plaintiff's marks;

e) Committing any acts calculated to cause purchasers to believe that Defendants' products or services are those sold under the control or supervision of Plaintiff, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiff;

f) Shipping, delivering, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold, offered for sale, publicly displayed, publicly operated, or publicly used, and which bear or show Plaintiff's PLATINUM TOUCH, PLATINUM TOUCH II, or GIGA TOUCH marks; and

g) Assisting any other party in committing the acts described above in Paragraphs (a)-(f).

Dated this the __26th__ day of June, 2012.

                                            s/ William C. Griesbach
                                            William C. Griesbach
                                            United States District Court Judge